Christopher D. Holt, Bar No. 228399
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com

Attorneys for Defendant
NORTHLAND GROUP, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA-SACRAMENTO DIVISION

| | |
|---|---|
| ANDREW McNALLY,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHLAND GROUP, INC.,<br><br>    Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Northland Group, Inc. ("Northland") hereby removes to this Court the state court action described below.

    1.    On or about October 12, 2011, Plaintiff Andrew McNally ("Plaintiff") commenced an action in the Superior Court of California, County of Yuba, entitled *Andrew McNally v. Northland Group, Inc.* and assigned Case No. YCMCCV G 11-0000400. A copy of the summons and complaint are attached as Exhibit A.

///

///

2. This action is a civil action of which this Honorable Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Northland pursuant to 28 U.S.C. § 1441(b) in that it presents a federal question as Plaintiff alleges violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

3. Plaintiff caused a copy of the summons and complaint to be served on Northland via personal delivery on October 26, 2011. This removal is therefore timely.

4. Northland is the only named defendant in the above-captioned matter.

5. On November 28, 2011, Northland filed its answer to the complaint. A copy of Northland's answer is attached as Exhibit B. Northland is not aware of any other filings in this matter.

6. As required by 28 U.S.C. § 1446(d), Northland will give notice of the filing of this notice to Plaintiff and to the clerk of the Superior Court of California, County of Yuba, where the action is currently pending.

WHEREFORE, Northland respectfully requests that the above-captioned matter, currently pending in the Superior Court of California, County of Yuba, be removed to this Honorable Court.

KLINEDINST PC

DATED: November 28, 2011   By: /s/Christopher D. Holt
　　　　　　　　　　　　　　　　　　Christopher D. Holt
　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　NORTHLAND GROUP, INC.

1337734v1

# EXHIBIT A

10/26/11

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NORTHLAND GROUP, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANDREW MCNALLY



SUM-100

ENDORSED-FILED
YUBA COUNTY
SUPERIOR COURT

2011 OCT 12 AM 8:09

H. STEPHEN KONISHI
CLERK OF THE COURT
BY J. KLINSTIVER
COURT CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Yuba<br>215 Fifth Street, Suite 200<br>Marysville, CA 95901 | CASE NUMBER: *(Número del Caso):* YCMCCV G 11-0000400 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

DATE: OCT 1 2 2011    Clerk, by  H. STEPHEN KONISHI  , Deputy
*(Fecha)*              *(Secretario)* J. KLINSTIVER      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:
   under: [✓] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

ENDORSED-FILED
YUBA COUNTY
SUPERIOR COURT

2011 OCT 12 AM 8:10

H. STEPHEN KONISHI
CLERK OF THE COURT
BY J. KLINSTIVER
COURT CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF YUBA
LIMITED JURISDICTION

YCMCCV G

| | |
|---|---|
| ANDREW MCNALLY, | Case No. 11-0000400 |
| Plaintiff, | COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT |
| vs. | (Amount not to exceed $10,000) |
| NORTHLAND GROUP, INC., | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| Defendant. | 2. Violation of Fair Debt Collection Practices Act |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. PARTIES

2. Plaintiff, Andrew McNally ("Plaintiff"), is a natural person residing in Yuba county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, Northland Group, Inc., ("Defendant Asset") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant Asset regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant has identified the alleged debt as owed for a Macy's account, account number F59774052.

5. On or about July, 2011, Defendant called Plaintiff's brother and sister in law regarding Plaintiff's alleged debt. Defendant disclosed to Plaintiff's relatives that they were attempting to collect a debt from Plaintiff. Defendant called Plaintiff's relatives several times, despite being told that Plaintiff was not at that number.

6. On July 25, 2011, Plaintiff's counsel sent a request for verification of the alleged debt to Defendant. A follow up letter was sent on August 9, 2011. Defendant has not responded to either letter to date.

7. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

  a) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§1692b & §1692c(b));

  b) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§1692b(1) & §1692c(b));

  c) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b));

  d) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b)); and

  e) Communicating information regarding a consumer debt to a member of Plaintiff's family prior to obtaining a judgment against the debtor, where the purpose of the communication was not to locate the debtor and neither Plaintiff nor Plaintiff's attorney consented to the communication (Cal Civ Code §1788.12(b)).

8. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

9. Plaintiff reincorporates by reference all of the preceding paragraphs.

10. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

11.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 5th day of October, 2011.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 4

# EXHIBIT B

Christopher D. Holt, Bar No. 228399
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com

Attorneys for Defendant
NORTHLAND GROUP, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF YUBA - LIMITED JURISDICTION

| | |
|---|---|
| ANDREW MCNALLY,<br><br>Plaintiff,<br><br>v.<br><br>NORTHLAND GROUP, INC.,<br><br>Defendant. | Case No. YCMCCV G 11-0000400<br><br>**NORTHLAND GROUP, INC.'S ANSWER TO COMPLAINT** |

Defendant NORTHLAND GROUP, INC. ("Northland"), by and through its attorneys of record, Klinedinst PC, hereby generally and specifically denies and answers Plaintiff ANDREW MCNALLY'S ("Plaintiff") unverified Complaint ("Complaint") as follows:

Under the provisions of Section 431.30 of the California Code of Civil Procedure, Northland denies each, every and all of the allegations of Plaintiff's Complaint, in the conjunctive and disjunctive, and each cause of action therein, and the whole thereof, and further generally and specifically denies that Plaintiff has sustained any loss, injury, or damage as a proximate result of any act, breach, or omission on the part of Northland.

### AFFIRMATIVE DEFENSES

Further, in response to the Complaint, and each and every cause of action stated therein, Defendants assert the following affirmative defenses:

///

## FIRST DEFENSE

As a first affirmative defense, Northland states that Plaintiff's Complaint fails to state a claim against Northland for which relief can be granted.

## SECOND DEFENSE

As a second affirmative defense, Northland states that Plaintiff's causes of action against Northland are asserted in bad faith as to any and all issues asserted within Plaintiffs' Complaint.

## THIRD DEFENSE

As a third affirmative defense, Northland states that Plaintiff's causes of action are barred as a result of their failure to mitigate damages and/or injury.

## FOURTH DEFENSE

As a fourth affirmative defense, Northland states that if an error occurred, it was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## FIFTH DEFENSE

As a fifth affirmative defense, Northland states that Plaintiff's claims are barred in whole or in part by the statute of limitations.

## SIXTH DEFENSE

As a sixth affirmative defense, Northland states that any alleged actions, to the extent they violate California or federal law, which Northland denies, were not willful.

## SEVENTH DEFENSE

As a seventh affirmative defense, Northland states that Plaintiff suffered no damage from the alleged violations by Northland and therefore is not entitled to any award of damages, attorney's fees or costs.

## EITHGTH DEFENSE

As an eighth affirmative defense, Northland states that any damage to Plaintiff, which Northland denies, is due to the acts or omissions of Plaintiff and/or third parties and Northland is not liable for said acts, omissions or alleged damages.

///

## NINTH DEFENSE

As a ninth affirmative defense, Northland states that all of Northland's actions have been in accordance with California and federal debt collection practices and consumer credit laws.

## TENTH DEFENSE

As a tenth affirmative defense, Northland states that Plaintiff's claims are barred by lack of proximate cause.

## ELEVENTH DEFENSE

As an eleventh affirmative defense, Northland states that Plaintiff's claims are barred because Plaintiff failed to perform as agreed in breach of the contracts with underlying creditors.

## TWELFTH DEFENSE

As a twelfth affirmative defense, Northland states that Plaintiff's claims are barred by Plaintiff's unclean hands.

## THIRTEENTH DEFENSE

As a thirteenth affirmative defense, Northland states that Plaintiff's claims are barred by the doctrine of unjust enrichment.

## FOURTEENTH DEFENSE

As a fourteenth affirmative defense, Northland states that Plaintiff's claims are barred by the defense of in pari delicto.

## FIFTEENTH DEFENSE

As a fifteenth affirmative defense, Northland states that Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

## SIXTEENTH DEFENSE

As a sixteenth affirmative defense, Northland states that it may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize his claims, due to the fact that Northland does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs. Northland therefore reserves the right to assert additional

defenses upon further particularization of Plaintiff's claims upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## PRAYER

WHEREFORE, Northland prays for judgment against the Plaintiff as follows:

1. That Plaintiff take nothing by way of his action;
2. That Northland be awarded costs of suit incurred herein including reasonable attorney's fees; and
3. For such other and further relief as the court deems just and proper.

KLINEDINST PC

DATED: November 28, 2011    By: _____
Christopher D. Holt
Attorneys for Defendant
NORTHLAND GROUP, INC.

1331451v1

- 4 -
NORTHLAND GROUP, INC.'S ANSWER TO COMPLAINT

Christopher D. Holt, Bar No. 228399
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com

Attorneys for Defendant
NORTHLAND GROUP, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF YUBA - LIMITED JURISDICTION

| | |
|---|---|
| ANDREW MCNALLY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NORTHLAND GROUP, INC.,<br><br>　　　　Defendant. | Case No.　　YCMCCV G 11-0000400<br><br>**PROOF OF SERVICE**<br><br>Dept:<br>Judge:<br>Complaint Filed:　October 12, 2011<br>Trial Date:　　　None set |

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Orange, and my business address is 5 Hutton Centre Drive, Suite 1000, Santa Ana, California.

On November 28, 2011, I caused to be served the following documents:

**NORTHLAND GROUP, INC.'S ANSWER TO COMPLAINT**

☐ **VIA FACSIMILE TRANSMISSION:** (Code Civ. Proc. §§ 1013(e) and (f)): From fax number (714) 542-3592 to the fax numbers listed below and/or on the attached service list. The facsimile machine I used complied with Rule 2008 and no error was reported by the machine.

☐ **VIA ELECTRONIC FILING SERVICE:** Complying with Code of Civil Procedure section 1010.6, my electronic business address is cgagne@klinedinstlaw.com and I caused such document(s) to be electronically served through the LexisNexis/Verilaw system for the above-entitled case to those parties on the Service List maintained on the LexisNexis/Verilaw's website for this case. The file transmission was reported as complete and a copy of the Filing/Service Receipt will be maintained with the original document(s) in our office.

- 1 -
**PROOF OF SERVICE**

1  ☒  **VIA MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

☒  **BY FIRST-CLASS MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

☐  **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c) and (d))**

☐  **BY CERTIFIED RETURN RECEIPT MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 28, 2011, at Santa Ana, California.

_Carrie L. Gagne_
Carrie L. Gagne

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

Service List
Andrew McNally v. Northland Group, Inc.
1465-5012

| | |
|---|---|
| Todd M. Friedman, Esq.<br>Darin Shaw, Esq.<br>LAW OFFICES OF TODD M. FRIEDMAN, P.C.<br>369 S. Doheny Dr., #415<br>Beverly Hills, CA 90211 | T: (877)206-4741<br>F: (866) 633-0228<br><br>Counsel for Plaintiff<br>ANDREW MCNALLY |

1331508v1

1 | Christopher D. Holt, Bar No. 228399
KLINEDINST PC
2 | 5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
3 | (714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com
4

Attorneys for Defendant
5 | NORTHLAND GROUP, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW McNALLY, | Case No. |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| NORTHLAND GROUP, INC., | |
| Defendant. | |

- 1 -

CERTIFICATE OF SERVICE

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA   )
                      )
COUNTY OF ORANGE      )

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Orange, California, and my business address is 5 Hutton Centre Drive, Suite 1000, Santa Ana, California 92707.

On **November 28, 2011**, I caused to be served the following documents:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION); AND**

**CIVIL CASE COVER SHEET**

☒ **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at Santa Ana, California, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(B).)

☐ **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☐ **BY ELECTRONIC FILING SERVICE:** By electronically filing the foregoing document(s) using the CM/ECF system. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is deemed complete upon the transmission of the Notice of Electronic Filing ("NEF") . The NEF will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelop or package clearly labeled to identify the person being served, to be personally served via Cal Express Attorney Service on the parties listed on the service list below at their designated business address.

☐ By personally delivering the copies;

☐ By leaving the copies at the attorney's office;

☐ With a receptionist, or with a person having charge thereof; or

☐ In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

☐ By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 28, 2011, at Santa Ana, California.

*Carrie L. Gagne*
Carrie L. Gagne

CERTIFICATE OF SERVICE

Service List
Andrew McNally v. Northland Group, Inc.
1465-5012

| Todd M. Friedman, Esq.<br>Darin Shaw, Esq.<br>LAW OFFICES OF TODD M. FRIEDMAN, P.C.<br>369 S. Doheny Dr., #415<br>Beverly Hills, CA 90211 | T: (877) 206-4741<br>F: (866) 633-0228<br><br>Counsel for Plaintiff<br>ANDREW MCNALLY |
|---|---|

1337727v1

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

- 4 -

**CERTIFICATE OF SERVICE**