Christopher D. Holt, Bar No. 228399
W. Jason Scott, Bar No. 222204
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com
ewoodbury@klinedinstlaw.com
wjasonscott@klinedinstlaw.com

Attorneys for Defendant
NORTHLAND GROUP, INC.

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW McNALLY,<br>Plaintiff,<br>v.<br>NORTHLAND GROUP, INC.,<br>Defendant. | Case No. 2:11-cv-03145-KJM-EFB<br>**JOINT SCHEDULING CONFERENCE REPORT**<br>**Hearing:**<br>**Date: April 12, 2012**<br>**Time: 2:30 p.m.**<br>Courtroom: 3<br>Judge: Kimberly J. Mueller |

The undersigned counsel have conferred and jointly prepared the following report as instructed by the Order Setting Pretrial Scheduling Conference issued for the present matter on October 29, 2011:

**(a) Brief summary of the claims and legal theories under which recovery is sought or liability is denied:**

Plaintiff claims that Defendant contacted him in an attempt to collect a debt. Plaintiff further claims that Defendant contacted Plaintiff's brother and sister-in-law regarding Plaintiff's debt.

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

Defendant NORTHLAND GROUP, INC. ("Defendant") claims it did make several attempts to contact Plaintiff regarding the debt, but expressly denies that any such attempts to contact Plaintiff were in violation of the provisions of any State or Federal statutes or other regulations.

**(b) Status of Service upon all defendants and cross-defendants:**

Defendant has appeared. No other defendants or cross-defendants have been named.

**(c) Possible joinder of additional parties:**

The parties do not anticipate joining any other parties at this time.

**(d) Contemplated amendments to the pleadings, including to simplify or clarify the issues and eliminate previous claims and defenses:**

The parties do not anticipate amending the pleadings at this time.

**(e) The statutory bases for jurisdiction and venue:**

Jurisdiction is based on 28 U.S.C. § 1331. Venue is based on 28 U.S.C. § 1391(b).

**(f) Anticipated discovery and scheduling of discovery, including:**

**(1) What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made, and whether further discovery conferences should be held:**

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

Initial disclosures under Rule 26(a)(1) will be served on or before May 18, 2012. The parties do not anticipate that any changes in the timing, form or requirements if the disclosures should be made. The parties do not anticipate the need for further discovery conferences.

**(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases:**

The parties anticipate conducting discovery on the nature of the alleged debt, the communications between the parties and the nature and extent of Plaintiff's damages.

**(3) What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed:**

Defendant anticipates that a protective order may be required if Plaintiff seeks production of business records or proprietary information, and that the parties will be able to form a mutually agreeable protective order. The parties do not anticipate the need for any changes in the limitations on discovery.

**(4) The timing of disclosure of expert witnesses and information required by Rule 26(a)(2):**

The parties propose that the Rule 26(a)(2) expert witness disclosures be served on or before August 31, 2012.

**(5) Proposed dates for discovery cut-off:**

The parties propose that the discovery cut-off be November 30, 2012.

**(g) Contemplated dispositive or other motions and a proposed date by which all non-discovery motions shall be heard:**

Defendant anticipates that it will bring a motion for summary judgment, upon the conclusion of Plaintiff's deposition and contemplates a motion for fees and costs.

The parties propose that all non-discovery motions be heard by December 21, 2012.

**(h) Methods that can be used from the outset to avoid unnecessary proof and cumulative evidence, and anticipated limitations or restrictions on the use of testimony under Federal Rule of Evidence 702:**

The parties do not currently believe any specific methods would be appropriate.

**(i) A proposed date for final pretrial conference:**

The parties propose a final pretrial conference be held on January 4, 2012.

**(j) A proposed date for trial, estimated number of days of trial, and whether any party has demanded a jury:**

The parties propose that trial be set for February 11, 2013. The parties estimate trial will last between three and five court days, exclusive of jury selection. Plaintiff has demanded a jury trial.

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707

**(k) Appropriateness of special procedures such as reference to a special master or agreement to try the matter before the assigned magistrate judge pursuant to 28 U.S.C. 636(c):**

The parties do not anticipate the need for special procedures.

**(l) Proposed modification of standard pretrial procedures because of the simplicity or complexity of the case:**

The parties do not believe that any specific modification of the standard pretrial procedures would be appropriate.

**(m) Whether the case is related to any other case pending in this district, including the bankruptcy court of this district:**

The case is not related to any other cases pending in the district.

**(n) Optimal timing and method for settlement discussions, including whether a court-convened settlement conference should be scheduled, whether in the case of a jury trial the parties will stipulate to the trial judge acting as a settlement judge, and the parties positions' with respect to Voluntary Dispute Resolution (VDRP) as required by Local Rule 271(d):**

The parties do not elect to participate in VDRP at this time. If the parties determine that referral to VDRP could be helpful, they will file the necessary stipulations and request referral to the VDRP administrator.

///

**(o) Any other matters that may be conducive to the just and expeditious disposition of the case:**

The parties are not aware of any other matters that require the court's attention.

LAW OFFICES OF TODD M. FRIEDMAN

DATED: April 5, 2012

By: **/s/Todd M. Friedman**
Todd M. Friedman
Darin Shaw
Attorneys for Plaintiff
ANDREW McNALLY

KLINEDINST PC

DATED: April 5, 2012

By: **/s/ Christopher D. Holt**
Christopher D. Holt
W. Jason Scott
Attorneys for Defendant
NORTHLAND GROUP, INC.

1472846v1

KLINEDINST PC
5 HUTTON CENTRE DRIVE, STE. 1000
SANTA ANA, CALIFORNIA 92707